UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARKEL TYLER, *et al*<br>　　　　　　　　　　Defendants. | Case No. 2:22-cr-413 (JXN)<br><br>**OPINION** |

<u>**NEALS**</u>, <u>District Judge</u>:

Currently pending before the Court is Defendant's motion to review the Magistrate Judge's detention order [ECF No. 72], which the Government has opposed [ECF No. 76]. The Court has carefully considered the parties' submissions and decides the matter without oral argument. For the reasons stated herein, Defendant's motion to review the Magistrate Judge's detention order [ECF No. 72] is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendant was arrested on January 10, 2022, on a criminal complaint charging Defendant with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One). *See* Crim. Compl., ECF No. 1. Following his arrest, Defendant appeared before the Honorable Jessica S. Allen, United States Magistrate Judge, where he consented to detention without prejudice pending trial. Order of Detention, ECF No. 35. Defendant subsequently appeared before the Honorable André M. Espinosa, United States Magistrate Judge, for a bail hearing, which was denied. Judge Espinosa held that Defendant had not introduced sufficient evidence to rebut the presumption of detention under 18 U.S.C. §

3142(e)(2), and that the Government had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.  Second Detention Order, ECF No. 44.

On June 15, 2022, appearing before this Court, Defendant entered a guilty plea to a two-count Information.  *See* Minute Entry, ECF No. 64; *see also* Plea Agreement, ECF No. 65.  Count One charges Defendant with conspiracy to distribute and possess with intent to distribute a Schedule II controlled substance, containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), in violation of Title 21, United States Code, Section 846.  Information, ECF No. 62.  Count Two charges that Defendant did possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  *Id.*

After entering his guilty plea, Defendant moved for release, which Judge Espinosa denied. Third Order of Detention, ECF No. 71.  In rendering his decision, Judge Espinosa noted that under 18 U.S.C. § 3142(a)(1) he is required to detain Defendant unless he finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any person in the community if released.  *See* Bail Tr. 9:12-21, ECF No. 74.  Judge Espinosa further noted that he could not conclude by clear and convincing evidence that Defendant would not pose a danger to the community if released, because the facts of this case have not substantially changed.  *Id.* at 10:4-13.

Defendant now moves the Court to review Judge Espinosa's Third Order of Detention, requesting that the Court reconsider release since Defendant has entered a plea and agreed upon a "sentencing of Level II, 8-14 months; or, if the court would find no safety valve, Level 13, 12-18

2

months," assuming a Category I on Criminal History Points. Def.'s Mot., ECF No. 72 at 7.[1] The Government opposes Defendant's motion, contending that "Defendant has fallen well short of meeting the extremely high burden that is required to release a detainee who has pleaded guilty to a serious drug distribution felony and is awaiting sentence in two months." Gov.'t Resp. Br., ECF No. 76.

## II. LEGAL STANDARD

Under the Bail Reform Act, "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the magistrate judge's detention order *de novo*. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). If the record was fully developed before the magistrate judge, "and the parties have not proffered any additional evidence which would materially alter the decision of the Magistrate Judge . . . the [District] Court will rule on the record established before the Magistrate Judge." *United States v. Bastianelli*, No. 17-305, 2018 WL 1015269, at *4 (W.D. Pa. Feb. 22, 2018). The district court "is not required to hold a new evidentiary hearing." *United States v. Harry*, No. 19-246, 2020 WL 1933990, at *2 (D. N.J. April 22, 2020) (citation omitted); *see also United States v. Talbert*, No. 20-266, 2020 WL 6048788, at *3 (W.D. Pa. Oct. 13, 2020) ("[No] additional or independent evidentiary hearing [is required] by the district court, and the court may incorporate the transcript of the proceeding before the magistrate judge, including any admitted exhibits." (citation omitted)). "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f)(2)(B).

---

[1] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

3

## III.  ANALYSIS

Defendant seeks release from federal custody pending sentencing. "The release or detention of a criminal defendant pending [his] sentence is governed by 18 U.S.C. § 3143(a)." *United States v. Smith*, 34 F. Supp. 3d 541, 544 (W.D. Pa. 2014) (citing *United States v. Lieberman*, 496 F.Supp.2d 584, 586 (E.D. Pa. 2007)); *see also* Fed. R. Crim. P. 46(c). Under 18 U.S.C. § 3143(a)(1), Defendant may be released pending sentencing—unless subsection (a)(2) applies—only if the Court finds by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released. Courts have explained that § 3143(a)(1) "creates a presumption in favor of detention pending sentencing," which a defendant can rebut only if he meets his high burden of proving by clear and convincing evidence that he is not a flight risk or a danger to the community. *United States v. Georgiou*, No. 09–cr–88, 2010 WL 701892, at *1–2 (E.D. Pa. Mar. 1, 2010); *see also United States v. Strong*, 775 F.2d 504, 505 (3d Cir. 1985).

Because Defendant pled guilty to an offense described in 18 U.S.C. § 3142(f)(1)(C), however, he is subject to the detention provisions set forth in § 3143(a)(2). Section 3143(a)(2), requires detention of a person who has been found guilty of a prohibited offense under the Controlled Substance Act, and which carries a maximum term of imprisonment of ten years or more, unless two requirements are both met: (1) that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the Government recommends "that no sentence of imprisonment be imposed," ***and*** (2) that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." *Smith*, 34 F. Supp. 3d at 545.

Here, on June 15, 2022, Defendant pled guilty to a two-count Information, which charged him at Count One with distribution and possession with the intent to distribute cocaine base and heroin, and at Count Two with possession with intent to distribute heroin, both in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  Information, ECF No. 62.  Each of the two Counts to which Defendant pled guilty carries a maximum penalty of twenty years imprisonment.  *See* Plea Agreement at 1, ECF No. 66.  In his July 5, 2022 letter to Judge Espinosa, counsel for Defendant notes that "Mr. Tyler has already entered a plea and agreed upon a sentencing of Level II, 8-14 months; or, if the court would find no safety valve, Level 13, 12-18 months." ECF No. 72 at 7.  Thus, there is neither a substantial likelihood that a motion for acquittal or new trial will be granted, nor any indication in the record that the Government will recommend that no sentence of imprisonment be imposed.  Thus, Defendant has not met the first of the two requirements under § 3143(a)(2).

In support of his motion, Defendant submits a letter from Douglas Harmon who promises Defendant full time employment should he be released pending sentencing.  *See* ECF No. 72 at 10.  Defendant has not proffered any other facts or information in support.  Even if the Court were to accept the letter as sufficient evidence, the Court must deny the motion for release because Defendant has not met both § 3143(a)(2) requirements.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to review the Magistrate Judge's detention order [ECF No. 72] is **DENIED**.  An appropriate Order accompanies this Opinion.

DATED: September 8, 2022

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

5